IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| NATHAN THOMAS, #11671-041, ) | CIVIL ACTION NO. 9:11-0443-RBH-BM |
| Petitioner, ) | |
| v. ) | **REPORT AND RECOMMENDATION** |
| JOHN OWENS, Warden, ) | |
| Respondent. ) | |

This case has been filed by the Petitioner, pro se, pursuant to 28 U.S.C. §2241. Petitioner, an inmate with the Federal Bureau of Prisons (BOP), contests his conviction on a disciplinary charge.

The Respondent filed a motion to dismiss on April 27, 2011. As the Petitioner is proceeding pro se, a Roseboro order was entered by the Court on April 28, 2011, advising the Petitioner of the importance of a dispositive motion and of the need for him to file an adequate response. Petitioner was specifically advised that if he failed to respond adequately, the Respondent's motion may be granted, thereby ending his case.

After receiving an extension of time, Petitioner filed a memorandum in opposition to the Respondent's motion on June 30, 2011, following which the Respondent filed a reply memorandum on July 11, 2011. Respondent's motion is now before the Court for disposition.[1]



---

[1] This case was automatically referred to the undersigned United States Magistrate Judge for all pretrial proceedings pursuant to the provisions of 28 U.S.C. § 636(b)(1)(A) and (B) and Local

**Background**

Petitioner was formerly incarcerated at the Federal Correctional Institution in Fort Dix, New Jersey (FCI Fort Dix).[2] On July 13, 2010, while at FCI Fort Dix, Petitioner was found to have both a cell phone and a cell phone charger in his possession. See Respondent's Exhibit C [Incident Report]. Petitioner was charged with a violation of Code 108 [possession, manufacture, or introduction of a hazardous tool], a copy of which was delivered to the Petitioner on July 14, 2010. Id., at ¶ ¶ 14-16. Following an investigation, during which Petitioner admitted possession of the cellular phone, the matter was referred to the Unit Discipline Committee (UDC) for processing. Id., at ¶ ¶ 24, 27. A UDC hearing was then held on July 16, 2010, and after Petitioner again admitted to possession of the cellular phone, the matter was referred to a Disciplinary Hearing Officer. Id., Part II, ¶ ¶ 17-21.

Petitioner was given a Notice of Rights, of which he acknowledged receipt, on July 16, 2010. See Respondent's Exhibit D. The Petitioner waived his right to have a staff representative or witnesses. Id. His disciplinary hearing was then held on July 30, 2010, during which Plaintiff again admitted possession of the cellular phone. Respondent's Exhibit E. In addition to Plaintiff's statement, the DHO considered the Incident Report and investigation results. The DHO also had a picture of the cell phone at issue. Id., see also Respondent's Exhibit C. The DHO found Petitioner guilty of the charge, and imposed a variety of sanctions, to include disallowance of forty days good

---

Rule 73.02(B)(2)(c)and (e), D.S.C.  The Respondent has filed motion to dismiss.  As this is a dispositive motion, this Report and Recommendation is entered for review by the Court.

[2]At the time Petitioner filed this action, he was incarcerated at FCI Williamsburg located in Salters, South Carolina. Respondent's Exhibit A, p. 1. He is currently incarcerated at FCI Florence located in Florence, Colorado. See Court Docket No. 9 [Change of Address Notification].



conduct time, two hundred fifty-three days non-vested good time, thirty days disciplinary segregation, and temporary loss of certain privileges. Id., at § VI. Petitioner received a written copy of this decision on August 24, 2010. Id., at ¶ IX. Respondent does not dispute that Petitioner appealed this decision throughout the administrative remedy process, where the disciplinary action and sanctions were upheld, and that Petitioner has therefore exhausted his available administrative remedies with respect to this disciplinary action.[3]

In his § 2241 Petition, Petitioner concedes that he pled guilty to the disciplinary charge in this case. See Petition, at ¶ 10. However, Petitioner asserts that the disciplinary sanctions imposed against him were at the "greatest" severity level, when the sanctions imposed should have been at the "moderate" level. Petitioner asserts that the BOP failed to promulgate regulations under the Administrative Procedures Act (APA) allowing it to impose disciplinary sanctions of the "greatest" severity level for this charge, that "posting" was an insufficient form of notice of the possibility of such a severe level of sanction, that he was denied equal protection by virtue of the level of sanctions imposed, and that "a law is void for vagueness if its prohibitions are not clearly defined and fair notice was lacking." Petitioner asserts a violation of his due process rights, and seeks reversal and expungement of the sanctions imposed .

---

[3]Federal prisoners must exhaust their administrative remedies prior to filing a § 2241 Petition. Kurfees v. I.N.S., 275 F.3d 332, 336 (4th Cir. 2001); Brown v. Smith, 828 F.2d 1493, 1495 (10th Cir. 1987).



**Discussion**[4]

In the prison disciplinary setting, an inmate is entitled to only a minimal standard to due process, and if the following requirements are satisfied, prison officials have met this minimal standard:

1. Advance written notice of the charges;

2. A written statement, citing the evidence on which the decider relied and the reasons for the action taken; and

3. The right by the inmate/defendant to call witnesses and present documentary evidence, if institutional safety will not be jeopardized.

Wolff v. McDonnell, 418 U.S. 539, 563-576 (1974); Luna v. Pico, 356 F.3d 481, 487-488 (2d Cir. 2004).

Here, the evidence clearly shows that the Petitioner was given advance written notice of the charge, that he was advised that the matter was being referred to the DHO for hearing, and that he was provided with a Notice of Hearing before the DHO as well as with a copy of his Inmate Rights. Petitioner signed both of these documents. See Respondent's Exhibits C and D. The DHO hearing was thereafter conducted on July 30, 2010, at which Petitioner admitted his guilt on the charge. The DHO then found Plaintiff guilty of the charge, setting out in writing the reasons for his findings and conclusion. See Respondent's Exhibit E. As part of his findings, the DHO specifically

---

[4] While the undersigned has discussed Petitioner's claim on the merits, it is noted that the Respondent also makes the argument that this case should be either dismissed or transferred to Colorado because the Respondent is no longer Petitioner's custodian, citing to Rumsfeld v. Padilla, 542 U.S. 426 (2004). However, because Petitioner was confined in the District of South Carolina at the time he filed his Petition, his subsequent transfer to Colorado does not defeat this Court's jurisdiction to hear Petitioner's claims. Rumsfeld, 542 U.S. at 442-443; see also Owens v. Roy, 394 Fed.Appx. 61 (5th Cir. 2010); Stanko v. Obama, 393 Fed.Appx. 849, 850, n. 1 and 2 (3rd Cir. 2010); cf. United States v. Hinton, 347 Fed.Appx. 885 (4th Cir. 2009); United States v. Edwards, 27 F.3d 564 (table), 1994 WL 285462, at * 2-3 (4th Cir. 1994).



noted that a cellular phone was properly classified as a hazardous tool, as it can be used to arrange escapes or the introduction of contraband into the facility, and that inmates were on notice of the serious threat posed by these devices as a result of a memorandum from the Warden dated December 28, 2009.  Id.; see also Respondent's Exhibit F [Memorandum].

To sustain a conviction in the institutional setting, the fact finder need only show that some evidence existed to support his conclusion.  Superintendent, Massachusetts Correction Institution v. Hill, 472 U.S. 445, 456-457 (1985); see Piggie v. Cotton, 344 F.3d 674, 677 (7th Cir. 2003).  The Supreme Court in Superintendent evidenced a distaste for allowing the federal courts to review the outcome of prison disciplinary actions, and under the applicable caselaw a disciplinary decision is sufficient to pass scrutiny under the due process clause if it is supported by "some" evidence.  Id; Baker v. Lyles, 904 F.2d 925 (4th Cir. 1990); Sales v. Murray, 862 F.Supp. 1511 (W.D.Va. 1994); McClung v. Shearin, No. 03-6952, 2004 WL 225093 (4th Cir. Feb. 6, 2004); see also Chevron U.S.A. v. Natural Res. Def. Cil., Inc., 467 U.S. 837, 844 (1984)[Agency's decisions are not to be second-guessed by federal courts unless they are arbitrary, capricious, or manifestly contrary to the statute].  The evidence before the Court clearly shows that Petitioner was given advance written notice of the charges, that he appeared at the hearing, gave a statement, was afforded the opportunity to call witnesses and present documentary evidence, and that the DHO thereafter set forth in writing the evidence and rationale for his decision.  Therefore, to the extent Petitioner is asserting that he did not receive due process in his disciplinary proceedings, his claim is without merit.

Petitioner's claim that his equal protection rights were violated because he was excessively disciplined at the highest level based on a vague regulation that does not even reference



cell phones is also without merit. Petitioner was clearly on notice that he had been cited for a violation of Code 108, which allows for the most serious disciplinary sanctions to be imposed, and there is nothing unconstitutionally vague about including a cellular phone as a hazardous tool under this code section. Indeed, this contention has already been litigated on numerous occasions and found to be without foundation. Cf. Eason v. Owen, Civil Action No. 09-2611, 2010 WL 3192932 (D.S.C. 2010); Rivera-Lind v. Pettiford, No. 05-3333, 2006 WL 2919069, n. 6 (D.S.C. 2006); see Respondent's Brief, pp. 10-11 (Collecting Cases); see also Aloe Creme Laboratories, Inc. v. Francine Co., 425 F.2d 1295, 1296 (5th Cir. 1970). ["The District Court clearly had the right to take notice of its own files and records and it had no duty to grind the same corn a second time. Once was sufficient."]. As for Petitioner's claim that he had insufficient notice that possession of a cellular phone could result in a Code 108 violation, the record reflects that he was not only on notice by virtue of the Warden's memorandum (Respondent's Exhibit F), but that he had also previously been charged with a Code 108 violation for possession of a cellular telephone. See Respondent's Exhibit G [Chronological Disciplinary Record], Incident Report No. 1864121.

## Conclusion

Based on the foregoing, it is recommended that the Respondent's motion be **granted**, and that this Petition be **dismissed**, with prejudice.

The parties are referred to the Notice Page attached hereto.

_____

August 17, 2011                                 Bristow Marchant
Charleston, South Carolina            United States Magistrate Judge



**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge.  Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.  "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'"  *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see*  Fed. R. Civ. P. 6(a), (d).  Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Larry W. Propes, Clerk
> United States District Court
> Post Office Box 835
> Charleston, South Carolina 29402

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.**  28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).

