IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
BEAUFORT DIVISION

| | |
|---|---|
| Nathan Thomas, # 11671-041,  )  | Civil Action No.: 9:11-cv-00443-RBH |
| )  | |
| Petitioner,  )  | |
| )  | |
| v.  )  | **ORDER** |
| )  | |
| Warden John Owens,  )  | |
| )  | |
| Respondent.  )  | |
| _____ )  | |

This matter is before the Court after the issuance of the Report and Recommendation ("R&R") of United States Magistrate Judge Bristow Marchant.[1] [R&R, Doc. # 20.] In the R&R, the magistrate recommends that the Court grant Respondent's Motion to Dismiss[2] the Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241 ("§ 2241 Petition"). [Motion to Dismiss, Doc. # 10.]

---

[1] In accordance with 28 U.SC. § 636(b)(1)(B) and Local Rule 73.02, D.S.C. , this matter was referred to United States Magistrate Judge Marchant for pretrial handling.

[2] Respondent's Motion to Dismiss was filed as a motion to dismiss for failure to state claim under Federal Rule of Civil Procedure 12(b)(6). However, respondent attached numerous exhibits to its Motion, which the magistrate considered. Accordingly, although the magistrate did not expressly do so, he nonetheless converted Respondent's Motion into one for summary judgment. Fed. R.Civ. P. 12(d); *Bosiger v. U.S. Airways*, 510 F.3d 442, 450 (4th Cir. 2007). The Court notes that such a conversion was, and is, appropriate, and no party was prejudiced because (1) Respondent included several documents with its Motion to Dismiss; (2) a *Roseboro* Order was sent to Petitioner advising him to support his "version of all disputed facts with material from the record such as documents , affidavits, or delcarations." [*Roseboro* Order, Doc. # 11, at 2]; and (3) Petitioner plainly heeded this notice as he submitted a response containing 51 pages of evidentiary support [Pet'r's Resp., Doc. # 17-1 through -4]. *See also U.S. v. Coleman*, No. 95-6629, 1995 WL 490134 (4th Cir. Aug. 17, 1995) (affirming district court's denial of a habeas petition under 28 U.SC. § 2255, and noting that "[a]lthough the magistrate judge termed the final order a dismissal, the more proper adjudication was one of summary judgment because objective evidence outside the pleadings was introduced and not excluded by the magistrate judge").

**Background**

Petitioner, an inmate with the Federal Bureau of Prisons ("BOP"), proceeding *pro se*, was formerly incarcerated at the Federal Correctional Institution in Fort Dix, New Jersey ("FCI Fort Dix"). On July 13, 2010, while at FCI Fort Dix, Petitioner was found to have both a cell phone and a cell phone charger in his possession. Petitioner was charged with a violation of BOP Prohibited Acts Code 108, a provision within 28 C.F.R. § 541.13, which prohibits the possession, manufacture, or introduction of a hazardous tool.

On July 30, 2010, after an investigation and an initial hearing during with Petitioner admitted possession of the cell phone, a disciplinary hearing was convened. Petitioner was found guilty of violating Code 108, and received a number of sanctions, including loss of privileges and loss of good conduct time. It is undisputed that Petitioner appealed this case and exhausted his available administrative remedies.

On February 24, 2011, Petitioner brought the § 2241 Petition at issue. Although he concedes that he pled guilty to the disciplinary charge, Petitioner alleges, among other things, that the BOP failed to promulgate appropriate regulations under the Administrative Procedures Act, that he did not receive proper notice that he could face a severe sanction for possessing a cell phone, and that he was denied equal protection.

On April 27, 2011, Respondent moved for dismissal, and on April 28, 2011, pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), Petitioner was advised of the dismissal procedure and the possible consequences if he failed to adequately respond to the motion. After being granted an extension of time to respond, Petitioner responded on June 20, 2011. The magistrate filed the R&R recommending dismissal on August 17, 2011, and Petitioner filed

objections to the R&R on September 2, 2011.

## Standard of Review

The magistrate makes only a recommendation to the district court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with the district court. *Mathews v. Weber*, 423 U.S. 261, 270–71 (1976). The court is charged with making a *de novo* determination of those portions of the R&R to which specific objection is made, and the court may accept, reject, or modify, in whole or in part, the recommendation of the magistrate, or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

The court is obligated to conduct a *de novo* review of every portion of the magistrate's report to which objections have been filed. *Id.* However, the court need not conduct a *de novo* review when a party makes only "general and conclusory objections that do not direct the court to a specific error in the magistrate's proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982).

## Discussion

Petitioner makes two primary objections to the R&R: (1) the magistrate failed to properly interpret 28 C.F.R. § 541.13, which contains Code 108, the BOP provision under which Petitioner was convicted; and (2) the magistrate failed to address Petitioner's argument that Code 108 is invalid. This Court finds that Petitioner's objections are without merit. [Pet'r's Obj., Doc. # 23, at 1–3.]

Both of Petitioners objections fail for the same reason: Code 108 is a validly enacted provision that penalizes an inmate who possesses a cell phone.

The BOP is charged with the management and regulation of all federal correctional

institutions. 18 U.S.C. § 4042. As part of its management mandate, BOP must "provide for the protection, instruction, and discipline of all persons . . . convicted of offenses against the United States." 18 U.S.C. § 4042(a)(3). In *Wolff v. McDonnell*, 418 U.S. 539, 555–558 (1974), the Supreme Court held that inmates are entitled to limited due process rights in prison disciplinary proceedings to the extent that a protected liberty interest, such as the good conduct time Petitioner lost in this case, is affected.

To comply with *Wolff*, the BOP has promulgated regulations which establish a formal procedure to address inmate discipline. *See* 28 C.F.R. §§ 541.1 through .68. The regulations include a "Prohibited acts and disciplinary severity scale" which is set forth in Table 3. *See* 28 C.F.R. § 541.13. There are four categories of "Prohibited acts" based on severity, and recommended sanctions for each category: "Greatest Severity Prohibited Acts" (Code Nos. 100-199); "High Severity Prohibited Acts" (Code Nos. 200-299); "Moderate Severity Prohibited Acts" (Code Nos. 300-399); and "Low Moderate Severity Prohibited Acts" (Code Nos. 400-499). Petitioner was charged with a Greatest Severity Prohibited Act, Code 108, "Possession, manufacture, or introduction of a hazardous tool (Tools most likely to be used in an escape attempt or to serve as weapons capable of doing serious bodily harm to others; or those hazardous to institutional security or personal safety, e.g., hack-saw blade)."

Even though Code 108 does not specifically include cell phones in the examples of hazardous tools, the BOP has consistently viewed them as such because they "permit an inmate to circumvent the telephone monitoring system, and may be used as a tool which coordinates or facilitates escape and the introduction of illicit materials or drugs." *Robinson v. Warden*, 250 Fed. App'x 462, 463 (D.N.J. 2007). In *Robinson*, the court upheld the BOP's definition of a cell phone

4

as a hazardous tool under Code 108. This appears to be the prevailing, if not universal, view. *See, e.g., Irvin v. Fed. BOP*, No. 9:08-03038-HFF, 2009 WL 1811245 (D.S.C. June 24, 2009); *Marin v. Bauknecht*, No. 8:07-0165-JFA, 2007 WL 3377152 (D.S.C. Nov. 9, 2007); *Rivera-Lind v. Pettiford*, No. 8:05-3333-GRA, 2006 WL 2919069 (D.S.C. Oct. 10, 2006).

The history of, and case law interpreting, Code 108 shows that the provision is part of a valid regulation enacted by the BOP, and that the magistrate correctly interpreted Code 108 as barring the possession of cell phones.

To the extent Petitioner appears to object to the notice he received regarding the Code 108 violation, Petitioner states no additional legal argument beyond what is found in Petitioner's pleadings. [*See* Pet'r's Obj., Doc. # 23, at 2–3.] These issues were correctly addressed by the magistrate and this Court will not address the issue a second time.[3]

## **Conclusion**

The Court has thoroughly analyzed the entire record, including the R&R, objections to the R&R, and the applicable law. The Court has further conducted the required review of all of Petitioner's objections and finds them without merit. For the reasons stated above and by the Magistrate Judge, the Court hereby overrules all of Petitioner's objections and adopts the Magistrate Judge's R&R.

**IT IS THEREFORE ORDERED** that Respondent's Motion to Dismiss (Doc. # 10) is

---

[3] Petitioner does not appear to object to the magistrate's finding that he was not denied equal protection by receiving the highest level of sanctions. However, this Court notes that the magistrate correctly found that any such claim was without merit. To be successful in an equal protection action, a petitioner must show that he has been treated differently from others who are similarly situated and that the unequal treatment was the result of intentional or purposeful discrimination. *See Morrison v. Garraghty*, 239 F.3d 648, 654 (4th Cir. 2001). Petitioner has made no such allegation or showing here.

**GRANTED**, and this § 2241 Petition is **DISMISSED**, with prejudice.

    **IT IS SO ORDERED**.

s/ R. Bryan Harwell
R. Bryan Harwell
United States District Judge

Florence, South Carolina
February 23, 2012